4th May, 1810.
Bay, J.,
delivered the opinion of the whole court; in substance agreeing with the opinion Brevard, J., had prepared, as follows: In support of the decision of the District Court it has been contended, that the general law on the subject of negotiable notes of hand has no application to this case. That this was a bank transaction, the nature of which gave no right to the plaintiffs to sue as indorsees and recover in their own names, and ;for their own use, the money due thereon, from the maker, the defendant ; and the case of Parke v. Eliason and others, 1 East. 544, has been relied on as, supporting this argument. That was a case *416 where certain bills of exchange, with blank indorsements, were placed by the plaintiffs in the hands of certain persons, who after-' wards became bankrupts, with a view to draw occasionally to tho amount due on the said bills; and the action was against the assignees of the bankrupts. The question was the same as if it had been between the original parties, which is not the case here. Lord Kenyon, in that case says, “ there is no technical sense attached to the term discount. A discount is the same as a purchase.” It appeared in that case that the bills were deposited for a special pur* pose, which was not answered ; and the assignees of the bankrupts were not permitted to appropriate them to the use of tho bankrupts’ estate; for it appeared the condition had failed, on which the bills were received. It is not easy to discover any analogy between that case and this ; or any thing therein to support the argument advanced in opposition to the present motion. There is no question in the present case between the Messrs. Smiths, the indorsers of these notes, and the plaintiffs, about the right of the plaintiffs to receive the money due on them, and to appropriate the same. If the notes were deposited for a special purpose, and that purpose has not been answered; if the condition on which the notes were deposited has been violated, which, however, does not appear, still no objection lies on that score, on the part of the defendant. He owes the money, and is liable to pay the same to whoever is entitled to demand and receive it. If he pays the plaintiffs, who appear legally entitled to receive the money in discharge of the notes as in-dorsees, he cannot be answersable to the original payees.
The objection made by the defendant, if good at all, must come from the Messrs. Smiths, who deposited the notes. But they do not object; aud as they do not object, it is fair to presume there is no foundation in fact for the objection. If the indorsements were in blank, the plaintiffs might elect to sue as indorsees, or in the names of the original payees. The notes being made payable by indorsement to a banking company, or body corporate, makes no1 difference in the case. Such companies, or corporate bodies, lie under no restraints in relation to negotiable paper, which merchants,- and others, are not equally subject to. Vide 5 T. R. 215. Kydon. Bills, &c. 20, 58.
Motion granted.